UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Nos.  3:14-CR-125 |
| | ) |         3:15-CR-62 |
| v. | ) | |
| | ) | JUDGES REEVES/SHIRLEY |
| **ERIC MICHAEL JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

On October 21, 2014, an indictment was filed in the above-styled case charging the defendant, ERIC MICHAEL JOHNSON, in Count One with knowingly using a facility of interstate and foreign commerce to attempt to persuade, induce, entice and coerce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), and in Count Two with traveling in interstate commerce for the purpose of engaging in any illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b).

In the forfeiture allegations of the Indictment in the above-styled case, the United States sought forfeiture of the interest of the defendant, ERIC MICHAEL JOHNSON, pursuant to 18 U.S.C. § 2428, in any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offenses, and any property, real or personal, constituting or traceable to proceeds obtained from the offenses. The properties to be forfeited include, but are not limited to, the following properties:

        a.        HTC smartphone in black Otterbox case;

b. black Western Digital external hard drive, Serial Number WCAU44553924;

c. black and silver Delta Dental 2GB thumbdrive; and

d. black 2005 Hyundai Sonata, VIN: KMHWF25H95A175511.[1]

On April 16, 2015, an Information was filed in the above-styled case charging the defendant, ERIC MICHAEL JOHNSON, in Count One with using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct using materials that were transported in interstate or foreign commerce in violation of 18 U.S.C. § 2251(a)

In the forfeiture allegations of the Information in the above-styled case, the United States sought forfeiture of the interest of the defendant, ERIC MICHAEL JOHNSON, pursuant to 18 U.S.C. § 2253, in any visual depiction containing child pornography; in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property used or intended to be used to commit or promote the commission of the offenses. The properties to be forfeited include, but are not limited to, the following properties:

a. HTC cellular telephone, Model HTC643LRA, Serial No. FA33GS500970;

b. black Western Digital external computer hard drive, Serial No. WCAU44553924; and

c. black and silver Delta Dental 2GB thumb drive.

On April 16, 2015, a Plea Agreement was filed, wherein the defendant, ERIC MICHAEL JOHNSON, agreed to plead guilty to Counts One and Two of the Indictment in Docket No. 3:14-cr-125 and to Count One of the Information in Docket No. 3:15-cr-62 and pursuant to 18 U.S.C. §§ 2428 and 2253 agreed to forfeit his interest in any and all child pornography and assets and

---

[1] The defendant's interest in the 2005 Hyundai Sonata will not be forfeited in the above-captioned cases and the United States will move to dismiss the forfeiture allegations against that property at sentencing.

property that were used and intended to be used in any manner to commit or to promote the commission of the offenses set forth in the Indictment and Information in this case, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees, including, but not limited to:

    a.    HTC cellular telephone, Model HTC643LRA, Serial No. FA33GS500970;

    b.    black Western Digital external computer hard drive, Serial No. WCAU44553924; and

    c.    black and silver Delta Dental 2GB thumb drive.

The Court accepted the guilty plea of the defendant, ERIC MICHAEL JOHNSON, on April 28, 2015, and by virtue of the guilty plea and conviction, the Court has determined that the properties identified above are subject to forfeiture pursuant to 18 U.S.C. §§ 2428 and 2253. Further, the United States has established the requisite nexus between the properties and the offenses.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. That based upon the conviction of the defendant, ERIC MICHAEL JOHNSON, for offenses in violation of 18 U.S.C. §§ 2422(b), 2423(b) and 2251(a), the defendant agrees to forfeit the following properties, pursuant to 18 U.S.C. §§ 2428 and 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

    a.    HTC cellular telephone, Model HTC643LRA, Serial No. FA33GS500970;

    b.    black Western Digital external computer hard drive, Serial No. WCAU44553924; and

    c.    black and silver Delta Dental 2GB thumb drive.

2. That the aforementioned forfeited properties are to be held by the Federal Bureau of Investigation, or its designated representative, until the investigation is complete. At the conclusion of the investigation and the complete erasure of the hard drives by the Federal Bureau of Investigation, the Federal Bureau of Investigation is directed to turn over custody of the computer equipment to the United States Marshals Service for completion of the forfeiture in this case, in accordance with law, subject to the provisions of Title 18, United States Code, Section 2253(b).

3. That pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States hereby gives notice of its intent to dispose of the forfeited properties in such a manner as the United States Attorney General may direct. The Notice shall provide that any person other than the defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within sixty (60) days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

4. That the notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

4
Case 3:14-cr-00125-PLR-CCS   Document 26   Filed 05/01/15   Page 4 of 5   PageID #: 158

5. That upon adjudication of all other or third-party interests in the properties, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 2253 and 2428, in which all interests will be addressed.

6. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure Rule 32.2(e).

ENTER:

_____
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE

Submitted by:

WILLIAM C. KILLIAN
United States Attorney

By: _____
Matthew T. Morris
Assistant United States Attorney

_____
Eric Michael Johnson
Defendant

_____
Benjamin G. Sharp
Attorney for Defendant